Filed 11/13/20  P. v. Sarabia CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C089149 |
| Plaintiff and Respondent, | (Super. Ct. No. 17FE018819) |
| v. | |
| ARNULFO SARABIA, | |
| Defendant and Appellant. | |

Relying on *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), defendant Arnulfo Sarabia appeals the imposition of fines and fees without an ability to pay hearing.  Recognizing trial counsel did not object to the imposition of these fines and fees, despite the fact that sentencing occurred after the publication of *Dueñas*, defendant also contends the failure to object was ineffective assistance of counsel.  We are not persuaded defendant's reliance on *Dueñas* has merit and reject his ineffective assistance of counsel claim.  We affirm the judgment.

1

## FACTS AND PROCEDURAL HISTORY

Based on the nature of the claims on appeal, the facts underlying the convictions are not relevant to the resolution of this appeal and are therefore not recounted here. A jury found defendant guilty of being an inmate in possession of a dangerous weapon (Pen. Code, § 4502, subd. (a); undesignated statutory references are to the Penal Code) and found true six prior serious and violent felony convictions (§§ 667, subd. (e)(2), 1170.12, subd. (c)(2)). The trial court sentenced defendant to the midterm of three years, doubled due to the prior strike conviction, and declared this conviction the principal offense and resentenced defendant on the convictions he was serving at the time he committed the offense. The trial court imposed a $600 restitution fine (§ 1202.4), imposed and stayed an identical parole revocation fine (§ 1202.45), a $40 court operations fee (§ 1465.8), and a $30 conviction assessment (Gov. Code, § 70373).

After defendant filed his notice of appeal, he made a section 1237.2 motion in the trial court requesting it stay the fines, fees, and assessments pending an ability to pay determination. The trial court denied the motion for lack of jurisdiction.

## DISCUSSION

Defendant contends the imposition of section 1202.4 fines without considering his ability to pay violates due process. He also contends this claim is not forfeited despite his lack of objection because the failure to object was ineffective assistance of counsel.

To prevail on a claim of ineffective assistance of counsel, a defendant must show (1) counsel's performance fell below an objective standard of reasonableness under prevailing professional norms, and (2) the deficient performance prejudiced defendant. (*Strickland v. Washington* (1984) 466 U.S. 668, 688, 691-692 [80 L.Ed.2d 674, 693-694, 696]; *People v. Ledesma* (1987) 43 Cal.3d 171, 216-218.) To show prejudice, defendant must show a reasonable probability that he would have received a more favorable result had counsel's performance not been deficient. (*Strickland, supra*, at pp. 693-694;

2

*Ledesma, supra*, at pp. 217-218.) "A reasonable probability is a probability sufficient to undermine confidence in the outcome." (*Strickland, supra*, at p. 694; accord, *Ledesma, supra*, at p. 218.)

We need not decide whether defendant forfeited his ability to pay argument because this argument is without merit. Failure to assert a meritless position does not demonstrate ineffective assistance of counsel. (*People v. Kipp* (1998) 18 Cal.4th 349, 377.)

Defendant's appeal hinges on the analysis in *Dueñas* finding an ability to pay hearing is required before imposing fines and fees, and we are not persuaded that this analysis is correct. In *Dueñas*, after numerous citations and convictions related to driving without a license resulted in significant fines and fees the defendant could not pay, *Dueñas* requested a hearing to determine her ability to pay those costs. (*Dueñas, supra*, 30 Cal.App.5th at pp. 1160-1163.) Following the statutory language, the trial court ruled that the assessments were mandatory and that *Dueñas* had not shown the " 'compelling and extraordinary reasons' " required to waive the restitution fine. (*Id*. at p. 1163.)

The Court of Appeal reversed, holding that due process prohibits a trial court from imposing court assessments under section 1465.8 and Government Code section 70373, and requires the trial court to stay execution of any restitution fines until it ascertains the defendant's ability to pay those assessments and fines. (*Dueñas, supra*, 30 Cal.App.5th at p. 1164.) To support this conclusion, *Dueñas* relied on two lines of due process precedent. First, it cited authorities addressing access to courts and waiving court costs for indigent civil litigants. Second, it relied on due process and equal protection authorities that prohibit incarceration based on a defendant's indigence and inability to pay a fine or fee. (*Id*. at pp. 1165-1166, 1168.) The court also concluded that imposing costs on indigent defendants "blamelessly" unable to pay them transformed a "funding mechanism for the courts into additional punishment." (*Id*. at p. 1168.)

3

The appellate court in *People v. Hicks* (2019) 40 Cal.App.5th 320 (*Hicks*), review granted November 26, 2019, S258946, rejected *Dueñas*'s reasoning under both lines of due process authority. Although review has been granted in *Hicks*, we may still consider it as persuasive authority. (Cal. Rules of Court, rule 8.1115(e)(1).)

*Hicks* first observed that imposition of fees after a determination of guilt does not deny a criminal defendant's access to the courts and does not interfere with a defendant's right to present a defense or challenge a trial court's rulings on appeal. (*Hicks, supra*, 40 Cal.App.5th at p. 326, review granted.) Second, *Hicks* noted imposition of fees, without more, does not result in incarceration for nonpayment of fines and fees due to indigence; thus, it does not infringe on that fundamental liberty interest. (*Ibid*., review granted.)

*Hicks* went on to conclude that *Dueñas*'s expansion of these due process "foundational pillars" was an incorrect interpretation of due process foundations because it was inconsistent with the principles announced by our Supreme Court and the United States Supreme Court, that imposition of fines and assessments on indigent defendants is not prohibited because the State has a fundamental interest in punishing those who violate the criminal law, and not conferring immunity for such punishment on indigent defendants. (*Hicks, supra*, 40 Cal.App.5th at pp. 327-328, review granted.)

We find the reasoning in *Hicks* well-founded and persuasive and reject the holding in *Dueñas*. We thus conclude the imposition of fines, fees, and assessments on an indigent defendant does not violate due process and there is no requirement the trial court conduct an ability to pay hearing prior to imposing these fines, fees, and assessments. In so doing, we also join several other courts that have reached this conclusion. (*People v. Cota* (2020) 45 Cal.App.5th 786, 794-795; *People v. Kingston* (2019) 41 Cal.App.5th 272, 279; *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1069; *People v. Caceres* (2019) 39 Cal.App.5th 917, 928.) Defendant's claim pursuant to *Dueñas* is without merit, thus negating his ineffective assistance of counsel claim on this issue.

4

DISPOSITION

The judgment is affirmed.


                                            _____

                                            HULL, Acting P. J.


We concur:


_____

MURRAY, J.


_____

HOCH, J.

5